## LEWIS JONES v. THE STATE.

### No. 8011.   Decided June 18, 1924.

**1.—Unlawfully Carrying a Pistol—Husband and Wife—Own Premises.**

Where, upon trial of unlawfully carrying a pistol, it was a contested issue as to whether appellant was permanently separated from his wife, and evidence was introduced in his behalf showing that at the time of the alleged offense he was staying part of the time at her house and contributed to the support of herself and their children, the issue of defendant's right to carry a pistol on his own premises should have been submitted as requested.

**2.—Same—Evidence—Animus of Witness.**

The defendant is entitled to show animus and prejudice on the part of the State's witness towards him and its extent, and in developing this fact great latitude is to be allowed, and the rejection of the testimony in the instant case is error.

Appeal from the County Court of Hill. Tried below before the Honorable W. L. Wray.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Morrow & Stollenwerck*, for appellant.

*Tom Garrard*, Attorney for the State, and *Grover C. Morris*, Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court of Hill County of unlawfully carrying a pistol, and his punishment fixed. at thirty days imprisonment in the county jail.

The State relied principally upon the testimony of Annie Smith who swore that she saw appellant in Hillsboro at the house occupied by his wife on the 7th day of January, 1923, and that. he had a pistol which he partly drew. Another witness for the State testified that appellant told him that he had a pistol at said time and place but that he hid it. Appellant denied having the pistol and also making the statement, and introduced a number of witnesses whose testimony strongly combats the proposition of his possession of a pistol on that occasion. The defense complains by a number of bill of exception of the rejection of testimony offered which would show feeling, animus and prejudice of Annie Smith against appellant. Mr. Branch cites many authorities in Sec. 163 of his Annotated P. C. in support of the proposition that the defendant is entitled to show animus and prejudice on the part of a State witness towards him, and its extent, and that in examinations to develop this fact great latitude is to be allowed. In our opinion the rejection of the testimony offered on this point was error. It being a contested issue in this case as to whether appellant was permanently separated from his wife, and evidence being introduced in his behalf showing that at the time of the alleged unlawful carrying of the pistol he was staying part of the time at her house and contributed to the support of herself and his children, we think the court in error in refusing appellant's special charge which in substance sought to have the jury told that a man had the right to carry a pistol on his own premises or in his own home, and that if the jury believed that appellant and his wife were not permanently separated at the time charged, and that he was shown only to have had the pistol at the place where his wife resided, that he should be acquitted.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*